2. This suit is not barred by laches. In *Brock* v. *Kirk-patrick,* 72 S. C. 503, 504, 52 S. E. 597, it is said, affirming *Babb* v. *Sullican,* 43 S. C. 436, 21 S. E. 277 : "Laches 2 connotes not only undue lapse of time, but also negligence, and opportunity to have acted sooner; and all three factors must be satisfactorily shown before the bar in equity is complete."

The grantor and grantee made their marks. They were unlearned. There is not the slightest evidence that the defect was discovered until after the sale for partition, and this suit was brought "with all convenient speed."

The judgment is reversed, and the case remanded to the Court of Common Pleas for Darlington county for such administrative order as will secure to plaintiffs a proper deed to their land.

---

9602

DAVIS v. ATLANTIC COAST LINE R. CO.

(91 S. E. 325.)

APPEAL AND ERROR—DISMISSAL OF APPEAL—ACADEMIC QUESTION.—Where a railroad in a suit for wages admitted owing the wages, but alleged that they were withheld because another had presented plaintiff's power of attorney to collect the wages, notified the attorney under that power to come in and defend, and asked the Court's directions as to paying the wages, and the attorney, though not joining as a party, testified as a witness and admitted that he had returned the power of attorney to the plaintiff at the latter's request to avoid causing his discharge, an appeal by the railroad from a judgment for the plaintiff presented only academic questions, and will be dismissed.

Before SHIPP, J., Florence, Summer term, 1916. Appeal dismissed.

Action by Tony Davis against the Atlantic Coast Line Railroad Company. Judgment for the plaintiff in the Cir-

cuit Court on appeal from a magistrate's Court, and defendant appeals.

The appellant states his case as follows:

"This was an action brought by Tony Davis in a magistrate's Court to recover from Atlantic Coast Line Railroad Company certain wages due to him as laborer for said company. The defendant admitted the indebtedness, but set up by way of defense that the reason for its not paying such wages to the plaintiff was that one W. G. Roscoe had demanded payment to him of the money by virtue of a power of attorney apparently given to him by the plaintiff and which authorized him to demand and receive such wages of the defendant; the defendant in the meantime, after service of the complaint, having served upon the said Roscoe a notice to come in and defend the suit or take the steps necessary to establish the validity of his power of attorney, or that such judgment as should be recovered by the plaintiff would be pleaded in bar of any action that he might thereafter bring to recover such wages of the defendant, and the defendant asked the direction of the Court as to whom such wages should be paid. The plaintiff set up by way of reply that the power of attorney in question conveyed a naked power, revocable at the will of the plaintiff, and that it had been so revoked; that said power of attorney was rendered void and of no effect because two powers of attorney, identical in terms and of the same date, had been given by the plaintiff to the said Roscoe; and, further, that since the said Roscoe had received a part of the plaintiff's wages previously and had then surrendered to the plaintiff one of said powers of attorney, this operated as a revocation of both. The magistrate found for the plaintiff, and upon appeal to the Circuit Court his Honor, Judge S. W. G. Shipp, sustained the magistrate. Within due time notice of appeal to this Court was served; one ground only being relied upon.

"Argument. By express terms of the power of attorney given to W. G. Roscoe by the plaintiff-respondent the said Roscoe had exclusive right to recover and receive all wages due from the defendant-appellant to the plaintiff-respondent, and, further, the plaintiff-respondent had therein stipulated that, should he at any time receive any such wages, they should nevertheless be held by him in trust for the sole use and benefit of the said W. G. Roscoe and no other, and should be forthwith delivered to him."

W. G. Roscoe was present at the trial, and testified as follows:

"This power of attorney that is marked Exhibit A was made to me. I did present this power of attorney to Special Paymaster Jacobs of defendant company on the 8th of July, 1915, and the 24th of July, 1915. (Plaintiff admits that demand was made by witness.)

"No cross-examination.

"Redirect: This power of attorney, marked Exhibit B, was given to paymaster at Mars Bluff and he was instructed to hold up plaintiff's money on it. No money was paid to me by the Coast Line for Tony Davis on the power of attorney, marked B. Tony Davis asked me to withdraw the power of attorney so he would not lose his job. I did so, and turned the power over to the plaintiff.

"Cross-examined: Tony Davis did give me, on the day that I gave him his power of attorney, $15.22, which was all he drew. (Plaintiff's attorneys hand witness a paper.) Yes; I did receive a letter like that copy. (Letter introduced and marked Exhibit C.)"

*Messrs. McNeill & Oliver,* for appellants, *Messrs. Mitchell & Lynch,* for respondents, submit: *Power of attorney was revocable by principal:* 2 Corpus Juris. 527; 53 Pa. 266; Mechem Agency, sec. 204; 86 S. C. 162; 2 Corpus Juris. 528, 529; 32 Cal. 609; 8 Wheat 174; 2 Corpus Juris.

530; 2 Speers L. 519; 2 Corpus Juris. 531, 532; 6 Conn. 559; 19 Am. Dec. 80.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The defendant admits the debt, and Roscoe withdraws the power of attorney. The question is academic.

The appeal is dismissed.

---

## 9603

### ERVIN v. ATLANTIC COAST LINE R. CO.

#### (91 S. E. 317.)

RAILROADS — KILLING OF STOCK — NEGLIGENCE — JURY QUESTION.—In an action for the killing of plaintiff's colt, a letter by the superintendent of the defendant railroad company, that investigation disclosed that the colt ran into the train after the engine had passed, is sufficient showing to carry the case to the jury on the presumption of negligence arising from the killing, notwithstanding the negligence was denied.

Before· MAULDING, J., Darlington, November, 1915. Affirmed.

Action by J. M. Ervin against the Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals.

*Messrs. Dargan & Dargan,* for appellant. *Mr. Woods Dargan* cites: 4 Rich. L. 329; 105 S. C. 33.

*Mr. Geo. B. Edwards,* for respondent, cites: 4 Rich. L. 61; 4 S. C. 61; 25 S. C. 141; 26 S. C. 49; 30 S. C. 163; 91 S. C. 507; 20 S. C. 249.